# EXHIBIT B

Complaint to TransUnion, LLC

| | |
|---|---|
| STATE OF MINNESOTA<br>COUNTY OF ANOKA | DISTRICT COURT<br>TENTH JUDICIAL DISTRICT<br>CASE TYPE: CIVIL OTHER/MISC. |

Court File No.
Assigned Judge:

Jerry Wakeman,

        Plaintiff,

vs.

Verizon Communications, Inc., TransUnion LLC., Equifax Information Services LLC, Experian Information Solutions, Inc.,

        Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

PLAINTIFF, as and for his cause of action (i.e., violations of the Fair Credit Reporting Act) against the above-named defendants (collectively referred to as "Defendants"), states and alleges as follows:

**Introduction**

1. The following case alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. Plaintiff Jerry Wakeman had a billing dispute with Defendant Verizon Communications, Inc. ("Verizon"). In order to resolve their disagreement, Verizon agreed to accept $165.00 in full satisfaction. Notwithstanding this result, Verizon continued to furnish the nationwide credit bureaus that Plaintiff still owed Verizon money. Plaintiff sent a dispute to TransUnion LLC ("TransUnion"), Equifax Information Services LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian") in order to correct the Verizon tradeline.

1

Instead, Defendants did nothing other than verify Verizon's previously reported information. Consequently, Plaintiff brings this action.

### The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

3. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.

4. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine public confidence, which is essential to the continued functioning of the banking system.

5. Congress enacted the FCRA, 15 U.S.C. § 1681 *et seq.*, to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.

6. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.

7. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

8. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting.

9. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that

naturally follows from inaccurate reporting of a consumer's fidelity to his or his financial obligations.

## Statement of Jurisdiction

10. This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat. §484.01 and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681n & o.

## Venue

11. Venue is proper pursuant to Minn. Stat. §542.09 because the cause of action arose within the State of Minnesota and the County of Anoka.

## Parties

12. Plaintiff Jerry Wakeman ("Plaintiff" or "Mr. Wakeman") is an adult resident of Anoka County, Minnesota.

13. Plaintiff is, and at all times mentioned herein was, a "consumer" as defined by 15 U.S.C. § 1681a(c).

14. Verizon is a foreign corporation not registered to conduct business in the state of Minnesota.

15. Verizon is, and at all times relevant to this Complaint was, a furnisher of information as that term is used in 15 U.S.C. § 1681s-2.

16. TransUnion is a foreign limited liability company registered to conduct business in the state of Minnesota.

17. TransUnion is, and at all times mentioned herein was, a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

3

18. Equifax is a foreign limited liability company registered to conduct business in the state of Minnesota.

19. Equifax is, and at all times mentioned herein was, a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

20. Experian is a foreign corporation registered to conduct business in the state of Minnesota.

21. Experian is, and at all times mentioned herein was, a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

### Facts

22. Plaintiff has been a customer with Verizon for years.

23. Sometime in 2021, Mr. Wakeman misplaced his mobile phone.

24. Even though he had insurance for the phone, it took Verizon three months to issue him a new device.

25. Once Mr. Wakeman received his new phone, Verizon had difficulty setting up the new phone with Mr. Wakeman's existing contract.

26. Thereafter, Verizon claimed Mr. Wakeman canceled his contract and, as a result, was responsible for hundreds of dollars in charges.

27. Mr. Wakeman disputed that he was responsible for the amount Verizon claimed was due, but, in an effort to resolve their disagreement, Verizon and Mr. Wakeman agreed that Mr. Wakeman would pay Verizon $165.00 in order to settle the disputed amount.

28. On or about November 2, 2021, Mr. Wakeman made a payment of $165.00 to Verizon using his Citibank credit card.

29. Even though Mr. Wakeman tendered the payment as agreed, Verizon reported on Plaintiff's credit reports that Plaintiff was "past due" in the amount of $164.00 to Verizon (the "Account").

30. When Mr. Wakeman discovered this reporting, he was extremely upset and telephoned Verizon.

31. During the phone call, Verizon's representatives admitted that it shouldn't be on his credit reports, but they couldn't figure out how to remove it from his reports.

32. Consequently, or about May 11, 2022, Plaintiff disputed the Account with the three nationwide consumer reporting agencies, Equifax, Experian, and TransUnion (the "CRAs"), by sending letters to each CRA, detailing that he did not owe Verizon any money and including a copy of his Citibank statement showing the payment.

33. Upon information and belief, upon receipt of Plaintiff's May 11, 2022 dispute, at least one of the CRAs provided notice of Plaintiff's dispute to Verizon.

34. On or about May 29, 2022, Equifax responded to Plaintiff's dispute by continuing to report the aforementioned false balance and past due information furnished by Verizon.

35. Upon information and belief, Equifax failed to conduct a reasonable reinvestigation despite notice of the inaccurate, incomplete, and/or materially misleading information on Plaintiff's Equifax credit report from Plaintiff's May 11, 2022 dispute to Equifax, in violation of 15 U.S.C. § 1681i.

36. Even though it received Mr. Wakeman's dispute on May 16, 2022, TransUnion failed to send him any response or acknowledge his dispute.

5

37. Upon information and belief, TransUnion failed to conduct a reasonable reinvestigation despite notice of the inaccurate, incomplete, and/or materially misleading information on Plaintiff's TransUnion credit report from Plaintiff's May 11, 2022 dispute to TransUnion.

38. Upon information and belief, and in the alternative, TransUnion either failed to conduct any reinvestigation at all or failed to apprise Plaintiff of the results of its reinvestigation into Plaintiff's May 11, 2022 dispute in violation of 15 U.S.C. § 1681i.

39. Likewise, Experian received Mr. Wakeman's dispute on May 17, 2022, but it too failed to respond in any way to his dispute or acknowledge the dispute.

40. Upon information and belief, Experian failed to conduct a reasonable reinvestigation despite notice of the inaccurate, incomplete, and/or materially misleading information on Plaintiff's Experian credit report from Plaintiff's May 11, 2022 dispute to Experian, in violation of 15 U.S.C. § 1681i.

41. Upon information and belief, and in the alternative, Experian either failed to conduct any reinvestigation at all or failed to apprise Plaintiff of the results of its reinvestigation into Plaintiff's May 11, 2022 dispute in violation of 15 U.S.C. § 1681i.

42. Upon information and belief, in response to Plaintiff's May 11, 2022 disputes received from the CRAs, Verizon failed to conduct a reasonable investigation into Plaintiff's May 11, 2022 disputes, in violation of 15 U.S.C. § 1681s-2(b).

43. For added notice of the inaccurate, incomplete, and/or materially misleading information, Mr. Wakeman copied Verizon on the disputes he sent to the CRAs.

44. For its part, Verizon mailed Mr. Wakeman a letter in which it claimed he was still liable for the Account and also added a $29.61 "collection fee."

45. On or about July 13, 2022, Plaintiff disputed the Account to each of the CRAs a second time by mailing a detailed letter describing the inaccuracy on the Verizon tradeline and again including a copy of his Citibank statement showing the payment of the Account.

46. Upon information and belief, upon receipt of Plaintiff's July 13, 2022 dispute, at least one of the CRAs provided notice of Plaintiff's dispute to Verizon.

47. On or about July 28, 2022, Equifax responded to Plaintiff's dispute by continuing to report the aforementioned false balance and past due information furnished by Verizon.

48. Upon information and belief, Equifax failed to conduct a reasonable reinvestigation despite notice of the inaccurate, incomplete, and/or materially misleading information on Plaintiff's Equifax credit report from Plaintiff's July 13, 2022 dispute to Equifax, in violation of 15 U.S.C. § 1681i.

49. On or about July 28, 2022, Experian responded to Plaintiff's dispute by continuing to report the aforementioned false balance and past due information furnished by Verizon.

50. Upon information and belief, Experian failed to conduct a reasonable reinvestigation despite notice of the inaccurate, incomplete, and/or materially misleading information on Plaintiff's Experian credit report from Plaintiff's July 13, 2022 dispute to Experian, in violation of 15 U.S.C. § 1681i.

51. TransUnion again failed to respond to or acknowledge the July 13, 2022 dispute despite receiving it on July 17, 2022.

52. Upon information and belief, TransUnion failed to conduct a reasonable reinvestigation despite notice of the inaccurate, incomplete, and/or materially misleading information on Plaintiff's TransUnion credit report from Plaintiff's July 13, 2022 dispute to TransUnion, in violation of 15 U.S.C. § 1681i.

53. Upon information and belief, and in the alternative, TransUnion either failed to conduct any reinvestigation at all or failed to apprise Plaintiff of the results of its reinvestigation into Plaintiff's July 13, 2022 dispute in violation of 15 U.S.C. § 1681i.

54. Verizon responded by asserting the Mr. Wakeman was responsible for $194.15.

55. Upon information and belief, in response to Plaintiff's July 13, 2022 disputes received from the CRAs, Verizon failed to conduct a reasonable investigation into Plaintiff's July 13, 2022 disputes, in violation of 15 U.S.C. § 1681s-2(b).

56. On or about August 30, 2022, Plaintiff disputed the Account a third time with each of the CRAs by mailing a detailed letter describing the inaccuracy on the Verizon tradeline and attaching a copy of the aforementioned Citibank statement.

57. Plaintiff also sent a copy of the August 30, 2022 dispute letter to Verizon.

58. Upon information and belief, upon receipt of Plaintiff's August 30, 2022 dispute, at least one of the CRAs provided notice of Plaintiff's dispute to Verizon.

59. On or about September 15, 2022, Equifax responded to Plaintiff's dispute by continuing to report the aforementioned false balance and past due information furnished by Verizon.

60. Upon information and belief, Equifax failed to conduct a reasonable reinvestigation despite notice of the inaccurate, incomplete, and/or materially misleading information on Plaintiff's Equifax credit report from Plaintiff's August 30, 2022 dispute to Equifax, in violation of 15 U.S.C. § 1681i.

61. On or about September 22, 2022, Experian responded to Plaintiff's dispute by continuing to report the aforementioned false balance and past due information furnished by Verizon.

62. Upon information and belief, Experian failed to conduct a reasonable reinvestigation despite notice of the inaccurate, incomplete, and/or materially misleading information on

8

Plaintiff's Experian credit report from Plaintiff's August 30, 2022 dispute to Experian, in violation of 15 U.S.C. § 1681i.

63. TransUnion again failed to respond to or acknowledge the August 30, 2022 dispute despite receiving it on September 3, 2022.

64. Upon information and belief, TransUnion failed to conduct a reasonable reinvestigation despite notice of the inaccurate, incomplete, and/or materially misleading information on Plaintiff's TransUnion credit report from Plaintiff's August 30, 2022 dispute to TransUnion, in violation of 15 U.S.C. § 1681i.

65. Upon information and belief, and in the alternative, TransUnion either failed to conduct any reinvestigation at all or failed to apprise Plaintiff of the results of its reinvestigation into Plaintiff's August 30, 2022 dispute in violation of 15 U.S.C. § 1681i.

66. Verizon responded by again asserting the Mr. Wakeman was responsible for $194.15.

67. Upon information and belief, in response to Plaintiff's August 30, 2022 disputes received from the CRAs, Verizon failed to conduct a reasonable investigation into Plaintiff's August 30, 2022 disputes, in violation of 15 U.S.C. § 1681s-2(b).

68. On or about December 5, 2022, Plaintiff disputed the Account a fourth time to the CRAs by mail, attached a copy of his Citibank statement, and gave them the names of the Verizon representatives he spoke with who admitted he did not owe the amount alleged.

69. Upon information and belief, upon receipt of Plaintiff's December 5, 2022 dispute, at least one of the CRAs provided notice of Plaintiff's dispute to Verizon.

70. Despite receiving Mr. Wakeman's dispute on December 11, 2022, Equifax failed to respond or acknowledge its receipt.

71. Upon information and belief, Equifax failed to conduct a reasonable reinvestigation despite notice of the inaccurate, incomplete, and/or materially misleading information on Plaintiff's Equifax credit report from Plaintiff's December 5, 2022 dispute to Equifax, in violation of 15 U.S.C. § 1681i.

72. Experian received Mr. Wakeman's dispute on December 15, 2022, but it, too, failed to respond or acknowledge receipt.

73. Upon information and belief, Experian failed to conduct a reasonable reinvestigation despite notice of the inaccurate, incomplete, and/or materially misleading information on Plaintiff's Experian credit report from Plaintiff's December 5, 2022 dispute to Experian, in violation of 15 U.S.C. § 1681i.

74. And even thought it received the dispute on December 12, 2022, TransUnion, for the fourth time in a row, failed to respond to Mr. Wakeman's dispute.

75. Upon information and belief, TransUnion failed to conduct a reasonable reinvestigation despite notice of the inaccurate, incomplete, and/or materially misleading information on Plaintiff's TransUnion credit report from Plaintiff's December 5, 2022 dispute to TransUnion, in violation of 15 U.S.C. § 1681i.

76. Upon information and belief, and in the alternative, Defendants TransUnion, Equifax, and Experian either failed to conduct any reinvestigations or failed to apprise Plaintiff of the results of their reinvestigations into Plaintiff's December 5, 2022 disputes, in violation of 15 U.S.C. § 1681i.

77. In their course of their respective investigations into Plaintiff's disputes, Defendants TransUnion, Equifax, and Experian each failed to review all relevant information provided by Plaintiff in his disputes, as required by and in violation of 15 U.S.C. § 1681i.

78. As evidenced by Defendants TransUnion, Equifax, and Experian re-reporting of the inaccurate, incomplete, and/or materially misleading information on the Verizon tradeline despite being advised several times that Plaintiff did not owe any money to Verizon and being supplied with proof of the same, Defendants TransUnion, Equifax, and Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates as required by and in violation of 15 U.S.C. § 1681e(b).

79. Upon information and belief, Verizon received several notifications of the consumer reporting agencies that the information it was furnishing regarding Plaintiff was inaccurate.

80. Upon information and belief, Verizon verified the inaccurate information it was reporting about Plaintiff in response to several of Plaintiff's disputes to the CRAs.

81. Upon information and belief, Defendant Verizon failed to conduct a reasonable investigation into each of Plaintiff's disputes or otherwise discharge its duties under 15 U.S.C. § 1681s-2(b) and continued to furnish inaccurate information regarding Plaintiff.

82. As a result of the Defendants' conduct, Plaintiff suffered from emotional distress including, but not limited to, anger, frustration, and anxiety, and, as well as loss of credit opportunities, damage to his credit reputation, and out-of-pocket damages.

83. Further, Plaintiff's credit reports were published to third parties while the inaccurate information on the Verizon tradeline was present.

84. Defendants, thus, caused a defamation-type harm upon Plaintiff.

85. Upon information and belief, the presence of the Verizon tradeline resulted, at least in part, in no fewer than three (3) credit denials, including two credit cards and one HELOC.

11

86. In fact, at the time in which Plaintiff was rejected for the HELOC, the Verizon tradeline was the only negative item in his credit profile.

87. Furthermore, upon information and belief, Plaintiff was approved for a credit card with U.S. Bank on lesser terms as a result of the presence of the Verizon tradeline.

88. The foregoing has dramatically increased Mr. Wakeman's stress and has caused him to experience increased pain, disorientation, decreased sleep, feelings of physical weakness, and dizziness, for which he receives treatment from the Veteran's Administration.

## Specific Claims

### Count I– Negligent Violations of the FCRA, 15 U.S.C. § 1681 *et seq.*

*(Against all Defendants)*

89. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

90. The foregoing acts and omissions by Defendants TransUnion, Experian, and Equifax constitute negligent violations of the FCRA, including, but not limited to: 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i.

91. The foregoing acts and omissions by Verizon constitute negligent violations of the FCRA, including, but not limited to: 15 U.S.C. § 1681s-2(b).

92. As a result of each negligent violation of the FCRA, Plaintiff is entitled to the following from Defendants: actual damages from each Defendant, pursuant to 15 U.S.C. § 1681o(a)(1); and costs together with reasonable attorneys' fees from each Defendant, pursuant to 15 U.S.C. § 1681o(a)(2).

## Count II– Knowing and/or Willful Violations of the FCRA, 15 U.S.C. § 1681 *et seq.*

*(Against all Defendants)*

93. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94. The foregoing acts and omissions of Defendants TransUnion, Experian, and Equifax constitute knowing and willful violations of the FCRA, including, but not limited to: 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i.

95. The foregoing acts and omissions by Verizon constitute negligent violations of the FCRA, including, but not limited to: 15 U.S.C. § 1681s-2(b).

96. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to the following from Defendants: actual damages or statutory damages of not less than $100.00 and not more than $1,000.00 from each Defendant, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow from each Defendant, pursuant to 15 U.S.C. § 1681n(a)(2); and costs together with reasonable attorneys' fees from each Defendant, pursuant to 15 U.S.C. § 1681n(a)(3).

## Jury Demand

97. Plaintiff hereby demands a trial by jury.

## Prayer for Relief

98. WHEREFORE, Plaintiff, by and through his attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendants as follows:

    a. All actual damages suffered as a result of each Defendants' respective violations of the FCRA;

13

b. Statutory damages as a result of each Defendants' respective violations of the FCRA;

c. Punitive damages as a result of each Defendants' respective violations of the FCRA;

d. An award of costs of litigation and reasonable attorney's fees from each Defendant, pursuant to 15 U.S.C. § 1681o(a)(2) and/or 15 U.S.C. § 1681n(a)(3);

e. Any other relief deemed appropriate by this Honorable Court.

Dated: July 12, 2023

Respectfully Submitted,

Peterson Legal, PLLC

By: */s/ Ryan D. Peterson*
   Ryan D. Peterson, #0389607
   Peterson Legal, PLLC
   6600 France Ave., Suite 602
   Edina, MN 55435
   Phone: (612) 367-6568
   ryan@peterson.legal

   and

   Anthony P. Chester, #0396929
   Chester Law PLLC
   8400 Normandale Lake Blvd., Suite 920
   Bloomington, MN 55437
   Phone: (612) 488-2110
   tony@chester.law

   *Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Jerry Wakeman, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys, and I believe that all the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

DATED this 12 day of July 2023

*Jerry Wakeman* (signature)
Jerry Wakeman